IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ERIC CRAFT,                )  |   |
|     Petitioner,         )  | Case No. 7:22-cv-00576 |
| v.                                     )  |   |
|                                           )  | By: Michael F. Urbanski |
| J.C. STREEVAL,             )  | Chief United States District Judge |
|     Respondent.        )  |   |

**MEMORANDUM OPINION**

Eric Craft, a federal inmate proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Craft challenges the validity of his conviction in the United States District Court for the Middle District of Pennsylvania. Upon review of the petition, the court concludes that Craft has not satisfied all of the requirements for proceeding under § 2241. Therefore, the petition is **DISMISSED** without prejudice for lack of jurisdiction.

## I.  BACKGROUND

Craft was originally charged in a two-count indictment returned by a grand jury in the Middle District of Pennsylvania. See United States v. Craft, 139 F. App'x 372, 373 n.1 (3d Cir. 2005). The government then secured a superseding indictment that charged Craft with multiple drug and firearm offenses. Id. While the charges were pending, Craft admitted to his involvement in the murder of Lavelle Gamble. Id. at 373. Craft told investigators that "he actually shot Gamble" before he and his accomplices stole drugs and money from Gamble's vehicle. Id.; see also id. ("Following a struggle, Craft grabbed Gamble and shot him in the back of the head, killing him.").

In September 2002, Craft agreed to plead guilty to a superseding information charging him with causing the death of another by the use of a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(j). Id. at 373. In exchange, the government agreed to dismiss the superseding indictment. Id. The superseding information read as follows:

> On or about April 23, 2001, in Harrisburg, Dauphin County, Pennsylvania, within the Middle District of Pennsylvania, the defendant,
>
> ERIC CRAFT
>
> did use a .380 caliber handgun of unknown make and model during and in relation to a drug trafficking crime for which the defendant may be prosecuted in a court of the United States, that is, the unlawful distribution of cocaine base, also known as "crack" cocaine, and conspiracy to do the same, and along with other unindicted co-conspirators did, through the use of said firearm, murder Lavelle Gamble a/k/a "Boston".
>
> All in violation of Title 18 United States Code, Section 924(j); Section 2.

United States v. Craft, No. 1:02-cr-00011, 2017 U.S. Dist. LEXIS 71148, at *2 (M.D. Pa. May 10, 2017).

Craft was subsequently sentenced to a term of imprisonment of 480 months, and the United States Court of Appeals for the Third Circuit affirmed his conviction and sentence on direct appeal. Craft, 139 F. App'x at 372. In 2006, the Middle District of Pennsylvania denied Craft's first motion to vacate under 28 U.S.C. § 2255, and the Third Circuit declined to issue a certificate of appealability. United States v. Craft, 514 F. App'x 91, 92 (3d Cir. 2013) (citing United States v. Craft, No. 07-1060 (3d Cir. July 30, 2007)). Since then, Craft has filed numerous post-conviction motions, all of which have been denied. Id.; see also United States

v. Craft, No. 1:02-cr-00011, 2018 U.S. Dist. LEXIS 107394, at *4–9 (M.D. Pa. June 27, 2018) (summarizing Craft's post-conviction filings).

Craft is presently incarcerated at USP Lee in Lee County, Virginia. He filed the current petition on October 6, 2022.* Craft argues that he is actually innocent of the offense with which he was charged in light of the Supreme Court's decision in Rosemond v. United States, 572 U.S. 65 (2014). Pet., ECF No. 1, at 1–2. He further contends that he is entitled to seek relief under 28 U.S.C. § 2241 based on the Fourth Circuit's decision in In re Jones, 226 F.3d 328 (4th Cir. 2000). Id. at 9.

## II. DISCUSSION

When a federal prisoner seeks to challenge the validity of a conviction or sentence, he ordinarily must file a motion to vacate under § 2255. In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). However, "§ 2255 includes a 'savings clause' that preserves the availability of § 2241 relief when § 2255 proves 'inadequate or ineffective to test the legality of [a prisoner's] detention.'" Hahn v. Moseley, 931 F.3d 295, 300 (4th Cir. 2019) (quoting 28 U.S.C. § 2255(e)). The requirements of the savings clause are jurisdictional. United States v. Wheeler, 886 F.3d 415, 425–426 (4th Cir. 2018). The petitioner bears the burden of demonstrating that he satisfies the savings clause requirements. See Hood v. United States, 13 F. App'x 72 (4th Cir. 2001).

The Fourth Circuit has crafted a three-part test for determining when a federal prisoner can challenge a conviction by way of the savings clause. In re Jones, 226 F.3d at 333–34. Under

---

* The petition is one of several § 2241 petitions that Craft has filed in this district in the past three years.

3

that test, § 2255 is inadequate and ineffective to test the legality of a conviction when the following requirements are met:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. (paragraph breaks added). If any one of these requirements is not satisfied, the court may not entertain a § 2241 petition challenging the validity of a federal conviction. See Wheeler, 886 F.3d at 425.

Upon review of the record, the court concludes that Craft has failed to satisfy the second prong of the Jones test. He has not met his burden of demonstrating that Rosemond changed the substantive law such that the conduct of which he was convicted is no longer criminal.

In Rosemond, the defendant was charged with "violating [18 U.S.C.] § 924(c) by using a gun in connection with a drug trafficking crime, or aiding and abetting that offense under § 2 of Title 18." 572 U.S. at 68. The jury convicted the defendant of violating § 924(c), but the verdict form "did not reveal whether the jury found that Rosemond himself had used the gun or instead had aided and abetted a confederate's use during [a drug trafficking crime]." Id. at 69. The Supreme Court granted certiorari "to resolve the Circuit conflict over what it takes to aid and abet a § 924(c) offense." Id. The Court ultimately held that "the Government makes its case by proving that the defendant actively participated in the underlying drug trafficking

4

or violent crime with advance knowledge that a confederate would use or carry a gun during the crime's commission." Id. The Court also concluded that "the jury instructions given below were erroneous because they failed to require that the defendant knew in advance that one of his cohorts would be armed." Id.

Craft was charged with violating § 924(j), which makes it unlawful to "cause[] the death of a person through the use of a firearm" during and in relation to a drug trafficking crime or a crime of violence. 18 U.S.C. § 924(j). Even assuming that Rosemond changed the substantive law applicable to aiding and abetting a violation of § 924(j), Craft was not charged solely as an aider or abettor. Instead, the superseding information alleged that Craft personally used a firearm during and in relation to a drug trafficking crime and that he murdered Gamble through the use of such firearm. Craft, 2017 U.S. Dist. LEXIS 71148, at *2. Additionally, court records indicate that Craft admitted that he actually shot Gamble in the back of the head before stealing the drugs and cash in Gamble's possession. Gamble, 139 F. App'x at 373.

Based on the foregoing, the court concludes that Craft has failed to demonstrate that the conduct of which he was convicted is no longer criminal in light of Rosemond. See, e.g., United States v. Sebbern, 641 F. App'x 18, 21 (2d Cir. 2015) (finding it unnecessary to address the defendants' Rosemond argument since "there was sufficient evidence to convict defendants as principals"). Because Craft has not satisfied the second prong of the Jones test, the court lacks jurisdiction over his petition.

### III. CONCLUSION

For the reasons stated herein, the court concludes that Craft cannot proceed under § 2241 because his petition fails to meet the requirements to invoke the savings clause of 28

U.S.C. § 2255(e). Therefore, the court **DISMISSES** Craft's petition without prejudice for lack of jurisdiction. An appropriate order will be entered herewith.

Entered: May 8, 2023

Digitally signed by Michael F. Urbanski    Chief U.S. District Judge
Date: 2023.05.08 10:40:20 -04'00'

Michael F. Urbanski
Chief United States District Judge